U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

XAVIER A BRACCO,

Plaintiff,

v.

PNC MORTGAGE,

Defendant.

_____/

Case No.: 8:16-CV-1640-T-33TBM
[formerly Circuit Court for
Pinellas County, Florida –
Case No.: 16-005183-SC]

## NOTICE OF REMOVAL

Defendant, PNC MORTGAGE, hereby removes Case No. 16-005183-SC from the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division. This action is removable to this Court based on federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The specific grounds for removal are as follows:

### I. STATEMENT OF CASE[1]

1. On or about May 10, 2016, Plaintiff filed a Complaint in County Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, styled *Xavier A. Bracho v. PNC Mortgage*, Case No.: 16-005183-SC (the "State Court Action" and the "Complaint"). A copy of the Complaint is attached hereto as Exhibit "B."

2. On May 19, 2016, PNC Mortgage ("PNC") was served with the Summons and Complaint. *See* Exhibit B.

---

[1] A copy of the docket from the State Court Action is attached hereto as Exhibit "A" and a copy of all other documents available to the Defendant in the State Court Action are attached hereto as Composite Exhibit "B."

3. On June 3, 2016, Plaintiff filed an Amended Complaint against PNC. A copy of the Amended Complaint is attached as Exhibit "C."

4. On June 8, 2016, PNC, by and through the undersigned counsel, filed a Notice of Appearance in the State Court Action. A copy of the Notice of Appearance is attached hereto as Exhibit "D."

5. Pursuant to Rule 7.090(e), Florida Smalls Claims Rules, the parties agreed to waive appearance at the Pretrial Conference. A copy of the Stipulation to Waive Pretrial Appearance is attached hereto as Exhibit "E."

6. PNC has not taken any action in the State Court Action.

7. The Complaint purports to advance a claim for technical violations of federal law related to a mortgage servicer's duty to respond to borrower requests for information under the Real Estate Settlement Procedures Act ("RESPA").

## II. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Plaintiff's alleged claim in the State Court Action arises pursuant to federal law, i.e., the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2601 et. seq.). *See* Compl. Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331 and therefore this removal is made pursuant to 28 U.S.C. § 1441(a).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, a true and correct copy of all of the pleadings and documents from the State Court Action available to the Defendant have been attached to this Notice of Removal. *See* Composite Exhibit B.

11. The removal is timely as PNC was served with the Complaint on May 19, 2016, meaning this Notice of Removal was filed with thirty (30) days of service.[2]

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1332 because the United States District Court for the Middle District of Florida, Tampa Division, is the federal judicial district embracing the Circuit Court for Pinellas County, Florida.

## IV. CONSENT TO REMOVAL BY OTHER NAMED DEFENDANTS

13. 28 U.S.C. §1446(b)(2)(A) requires all other Defendants that have been properly named and served to consent to the removal. There is no other Defendant named in the State Court Action, and therefore this removal is compliant with 28 U.S.C.§ 1446(b)(2)(A).

## V. CONCLUSION

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

If any question should arise as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that this case has been properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

---

[2] The thirtieth day from May 19, 2016 falls on a weekend; specifically, Saturday, June 18, 2016. As such, pursuant to Federal Rules of Civil Procedure, Rule 6, PNC has until the following business day (Monday, June 20, 2016) to file its Notice of Removal.

3

WHEREFORE, Defendant respectfully requests this Court assume full jurisdiction over these proceedings as provided for by law.

Respectfully submitted,

McGLINCHEY STAFFORD

_____ for
FBN 89276

R. Carter Burgess, Esq.
Fla. Bar No. 058298
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
cburgess@mcglinchey.com
Telephone: (904) 224-4449
*Counsel for Defendant*

4