EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80338-BLOOM/Valle

THOMAS HUDGINS,

    Plaintiff,

v.

SETERUS, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Seterus Inc.'s ("Defendant") Motion to Dismiss, ECF No. [7] (the "Motion"), seeking dismissal of Plaintiff Thomas Hudgins's ("Plaintiff" or "Mr. Hudgins") Complaint, ECF No. [1]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

Plaintiff initially filed suit in the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024 *et seq.* ("Regulation X"). ECF No. [1], Exh. A ("Complaint"). Specifically, Plaintiff seeks remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.36 of Regulation X. *See id.* ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint. *See* ECF No. [7].

Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 2 of 15

Case No. 16-cv-80338-BLOOM/Valle

As with many RESPA claims, Plaintiff's begins, simply, with the mailing of a letter. As early as September 15, 2015, Plaintiff's attorney "caused to be mailed to Defendant a written request for information pursuant to Regulation X (the "RFI")." Complaint ¶¶ 10-11; *see id.*, Attachment A. Defendant appears to have received the RFI on October 12, 2015. *See id.*, Attachment B. While Plaintiff concedes that Defendant replied, "said response failed to address the areas of concern set forth in the RFI" in violation of 12 C.F.R. § 1024.36(d)(2)(i)(B). *Id.* ¶ 17. "Having not received a written acknowledgment to Plaintiff's RFI within the required time frame," Plaintiff sent Defendant a follow up Notice of Error letter (the "NOE"), "which outlined the Defendant's specific failures." *Id.* ¶ 12; *see id.*, Attachment C. Plaintiff claims that Defendant "did not provide . . . written receipt" to the RFI "within the time period provided by 12 C.F.R. § 1026.36(c)(3)," and did not respond to the NOE. *Id.* ¶¶ 18, 22. As such, Plaintiff claims that Defendant "failed or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B)," and brings a single cause of action for Defendant's alleged violation of 12 U.S.C. § 2605(k)(1)(E). *Id.* ¶¶ 22, 23. As to damages, Plaintiff alleges that he incurred "photocopying costs [and] postage costs . . . less than $100.00 for mailing the RFI and NOE . . . and attorney's fees and costs, in an amount to be proven at trial." *Id.* ¶¶ 24, 25.

Defendant moves the Court to dismiss the Complaint, telling a more thorough story of the parties' ill-fated correspondence. *See* ECF No. [7]. Defendant states that on September 9, 2014, a final judgment of foreclosure was entered against Plaintiff's home in the Sixth Judicial Circuit in and for Pinellas County, Florida (Case Number 12-CA-004887). *See* ECF No. [1] ¶¶ 1-2 ("Notice of Removal"). On December 14, 2015, Plaintiff served a different lawsuit upon Defendant (the "First Lawsuit"), alleging the same cause of action, namely, that Defendant violated RESPA, 12 U.S.C. 2601, *et seq.*, by failing to properly respond to Plaintiff's September

2

Case 8:16-cv-01640-VMC-TBM Document 15-2 Filed 07/07/16 Page 4 of 16 PageID 135
Case 9:16-cv-80338-BB Document 32 Entered on FLSD Docket 06/29/2016 Page 3 of 15

Case No. 16-cv-80338-BLOOM/Valle

15, 2015 RFI. *See* ECF No. [7] ¶ 6. After removing proceedings to this Court, Defendant moved to dismiss the suit for, among other reasons, Plaintiff's failure to properly allege actual damages, and on January 21, 2016, Plaintiff voluntarily dismissed the First Lawsuit. *See id.* ¶¶ 8, 10. Three days after the Court's order of dismissal, Plaintiff's counsel sent the NOE to Defendant (and not to Defendant's attorney), reminding Defendant that it had failed to adequately respond to the RFI mailed by Plaintiff four months prior. *See id.* ¶ 12; *see also* Complaint, Attachment C. Defendant argues that the Court must dismiss the instant suit for Plaintiff's failure to state a claim. Plaintiff's Response, and Defendant's Reply, timely followed. ECF Nos. [13], [17].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 5 of 16 PageID 136
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 4 of 15

Case No. 16-cv-80338-BLOOM/Valle

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; see Iqbal, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. See *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Defendant moves the Court to dismiss the Complaint on a number of grounds. First, Defendant argues that Plaintiff's requests in the RFI do not relate to the "servicing" of Plaintiff's loan, and thus, Defendant had no obligation to respond under RESPA. *See* ECF No. [7] at 4. Next, Defendant contends that Plaintiff is not afforded a right of action against a servicer like

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 6 of 16 PageID 137
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 5 of 15

Case No. 16-cv-80338-BLOOM/Valle

Defendant. *Id.* at 7. Defendant also claims that Plaintiff has failed to allege actual damages, and that in any regard, Plaintiff's lawsuit is contrary to the intent and purpose of RESPA. *See id.* at 9-17.

### A. The RFI does not request information related to the "servicing" of a loan

Plaintiff claims that Defendant violated 12 U.S.C. § 2605(k)(1)(E) by inadequately responding to the RFI. Section 2605 of RESPA governs the "servicing of mortgage loans and administration of escrow accounts." Section 2605(k)(1)(E) implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." Plaintiff claims that Defendant is liable under RESPA for failing or refusing to comply with § 1024.36(d)(2)(i)(B) of Regulation X. *See* Complaint ¶ 22. Section 1024.36(d)(2)(i)(B) provides, in relevant part, that "[a] servicer must comply with the requirements of paragraph (d)(1)" no later "than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request." Section 1024.36(d)(1) requires servicers to respond to a borrower's requests for information by either:

> (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.36(d)(1). If a loan servicer violations § 2605 of RESPA, an aggrieved party may recover: "(A) any actual damages to the borrower as a result of the failure; and (B) any additional [statutory] damages, as the court may allow, in the case of a pattern or practice of

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 7 of 16 PageID 138
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 6 of 15

Case No. 16-cv-80338-BLOOM/Valle

noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1).

Resolution of the Motion centers on Plaintiff's RFI and NOE, and the parties do not contest the authenticity of the documents attached to the Complaint or Motion to Dismiss. Accordingly, the Court will consider those documents as appropriate. *See Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.*, 433 F.3d at 1340; *Horsley*, 304 F.3d at 1135. In Plaintiff's September 15, 2015 RFI to Defendant, Plaintiff states that

> Specifically, I am requesting the following information for the period beginning January 10, 2014, until your receipt of this request (the 'applicable period'):
>
> 1. All correspondence between your company, subsidiaries, servicers attached to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
>
> 2. All five (5) day letters between your company, subsidiaries, servicers following and loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
>
> 3. All thirty (30) day letters between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.
>
> 4. All letter [sic] explaining the right to appeal the denial of the modification (if applicable) between your company, subsidiaries, servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.

5. All system notes/logs that show the receipt of the loss mitigation submission and that reflect all responses sent to the borrower from January 10, 2014, through to the present.

6. A current pay off statement.

7. Copies of all Notice of Service transfers that were sent to the borrower and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the notice was sent.

The parties agree, and case law provides, that in order to survive a motion to dismiss, a complaint like Plaintiff's must sufficiently allege that "1) Defendant is a loan servicer; 2) Defendant received a QWR [("Qualified Written Request")] from Plaintiff; 3) the QWR relates to servicing of mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages." *Porciello v. Bank of Am., N.A.*, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015); *see Miranda v. Ocwen Loan Servicing, LLC*, 2015 WL 7767209, at *3 (S.D. Fla. Dec. 2, 2015); *Correa v. BAC Home Loans Serv. LP*, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 Fed. App'x. 833, 836 (11th Cir. 2010)). An RFI can qualify as a QWR. *See Miranda*, 2015 WL 7767209, at *3. Plaintiff alleges that "[a]t all times material hereto, Defendant was and is a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation which is secured by a mortgage on Plaintiffs' [sic] property." Complaint ¶ 7; *see id.* ¶ 9. Defendant does not contest that it is a loan servicer, does not argue that an RFI cannot qualify as a QWR, and does not claim that it provided an adequate response to each item requested in the RFI. Rather, Defendant contends that the RFI did not request information "related to the servicing of a loan," and that Defendant therefore did not need to respond. ECF No. [7] at 4. Plaintiff appears to concede that in order to survive dismissal, the RFI referenced in the Complaint must request information that relates to the servicing of a loan. *See* ECF No. [13] at 9

Case 8:16-cv-01640-VMC-TBM Document 15-2 Filed 07/07/16 Page 9 of 16 PageID 140
Case 9:16-cv-80338-BB Document 32 Entered on FLSD Docket 06/29/2016 Page 8 of 15

Case No. 16-cv-80338-BLOOM/Valle

(citing *Porciello*, 2015 WL 899942, at *3). Accordingly, the Court must decide, at the motion to dismiss stage, whether Plaintiff's RFI relates to the servicing of a loan. *See Smallwood v. Bank of Am., N.A.*, 2015 WL 7736876, at *6 (S.D. Ohio Dec. 1, 2015); *Sirote v. BBVA Compass Bank*, 857 F. Supp. 2d 1213, 1214 (N.D. Ala. 2010), *aff'd*, 462 F. App'x 888 (11th Cir. 2012); *see also McWeay v. Citibank, N.A.*, 521 F. App'x 784, 788 (11th Cir. 2013).

Under RESPA

> The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3); *see Van Egmond v. Wells Fargo Home Mortgage*, 2012 WL 1033281, at *4 (C.D. Cal. Mar. 21, 2012) (RESPA defines "'servicing' to mean the receipt of periodic payments pursuant to the terms of a loan."). Information "related to loan servicing" includes "information about the receipt of periodic payments or the amounts of such payments." *Richardson v. Rosenberg & Associates LLC*, 2014 WL 823655, at *8 (D. Md. Feb. 27, 2014) (citing *Minson v. CitiMortgage, Inc.*, 2013 WL 2383658, at *5 (D. Md. May 29, 2013)); *see Smallwood*, 2015 WL 7736876, at *6 (S.D. Ohio Dec. 1, 2015) ("'Servicing' is defined within the statute as 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan' and 'making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.'") (quoting 12 U.S.C. §§ 2605(e)(1)(A) and (i)(3)). Plaintiff concedes that items two through five of the RFI "deal with requests related to loan modification." ECF No. [13] at 8. A number of courts have held that inquiries about a loan modification do not relate to "servicing" within the meaning of § 2605. *See Smallwood*, 2015 WL 7736876, at *6 n.12; *see also Mbakpuo*

Case 8:16-cv-01640-VMC-TBM Document 15-2 Filed 07/07/16 Page 10 of 16 PageID 141
Case 9:16-cv-80338-BB Document 32 Entered on FLSD Docket 06/29/2016 Page 9 of 15

Case No. 16-cv-80338-BLOOM/Valle

*v. Civil Wells Fargo Bank, N.A.*, 2015 WL 4485504, at *8 (D. Md. July 21, 2015); *Mayer v. EMC Morg. Corp.*, 2014 WL 1607443, at *5-6 (N.D. Ind. April 22, 2014); *Van Egmond*, 2012 WL 1033281, at *4 (RESPA "only obligates loan servicers to respond to borrowers' requests for information relating to *servicing* of their loans, which does not include loan modification information.") (citing 12 U.S.C. §§ 2605(e) and (i)(3)) (emphasis in original). Under "[t]he plain language of the statute . . . a request relating to loan modification does not relate to scheduled payments, principal and interest, or other payments received pursuant to the terms of [Plaintiff's] loan." *Smallwood*, 2015 WL 7736876, at *6. "Rather, a loan modification is a request to alter the terms of a loan." *Id.*; *see Mbakpuo*, 2015 WL 4485504, at *8 ("By definition, a loan modification is a request to *alter* the terms of a loan; a request for modification is a request to no longer make payments pursuant to the existing terms of a loan.") (emphasis in the original). The Eleventh Circuit has similarly distinguished between "servicing" a loan and "modifying" a loan, having affirmed *Sirote*'s finding that "[c]ourts routinely interpret section 2605 as requiring a QWR to relate to the *servicing* of a loan, rather than the *creation* or *modification* of a loan." *Sirote*, 857 F. Supp. 2d at 1221-22, *aff'd*, 462 F. App'x 888 (11th Cir. 2012) (emphasis in the original) (internal citations omitted).

Plaintiff acknowledges this authority but cites to *Paz v. Seterus, Inc.*, 2015 WL 4389521 (S.D. Fla. July 16, 2015), *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787 (E.D. Pa. 2014), and *Bennett v. Bank of Am., N.A.*, 126 F. Supp. 3d 871 (E.D. Ky. 2015) for the proposition that requests related to loan modifications nevertheless relate to servicing. *See* ECF No. [13] at 11. Having reviewed this authority, the Court finds that *Paz* does not support Plaintiff's argument because the plaintiff in that case specifically sued the defendant for violating the loss mitigation provisions of RESPA and Regulation X at 12 C.F.R. § 1024.41(b)(2) and (c). *See Paz*, 2015 WL

Case 8:16-cv-01640-VMC-TBM  Document 15-2  Filed 07/07/16  Page 11 of 16 PageID 142
Case 9:16-cv-80338-BB  Document 32  Entered on FLSD Docket 06/29/2016  Page 10 of 15

Case No. 16-cv-80338-BLOOM/Valle

4389521, at *2. Here, Plaintiff brings a single cause of action under § 2605(k) of RESPA, premised solely on Defendant's alleged failure to comply with the provisions of § 1024.36(d)(2)(i)(B) of Regulation X. While subsections 1024.41(b)(2) and (c) undoubtedly govern loss mitigation procedures and explain how applications must be reviewed and evaluated, the subsections do not expand the definition of "servicing" as used in § 2605.[1] *See Smallwood*, 2015 WL 7736876, at *7 n.13.

As to *Wilson*, the plaintiff in that case survived a motion to dismiss because the complaint alleged that the defendant inadequately responded to a request for

> copies of the servicing logs related to contacts between Plaintiff and Defendant or between Plaintiff and employees/representatives of Defendant, audio files of telephone calls with Plaintiff, documents submitted by Plaintiff in support of her request for loan modification, property inspection reports, and invoices from Defendant's foreclosure firm.

The court did not, however, determine that requests for loan modification documents, standing alone, support a § 2605 cause of action. Rather, *Wilson* found that "*many* of the requested documents were available and were within the categories of documents that a servicer should provide." 48 F. Supp. 3d at 807 (emphasis added). Finally, the Court recognizes that *Bennett v. Bank of Am., N.A.* supports the proposition that an inadequate response to a plaintiff's "questions about the status of their loss mitigation application" may state "a plausible claim for relief under section 2605." 126 F. Supp. 3d at 883. However, the Bennetts, like Ms. Paz and unlike Plaintiff, specifically brought a cause of action for a defendant's violation of 12 C.F.R. § 1024.41. *See Bennett*, 126 F. Supp. 3d at 883; *Paz*, 2015 WL 4389521, at *1. Moreover, *Bennett* did not explicitly hold that loan modification inquiries relate to the servicing of a loan, and to the extent

---

[1] In any event, the Court notes that a servicer "is only required to comply with the requirements" of § 1024.41 "on receipt of a loss mitigation application," and Plaintiff does not claim in his pleadings or in the RFI that he filed a loss mitigation application. *Bennett*, 2016 WL 2610238, at *4; 12 C.F.R. § 1024.41(b)-(j).

Case 8:16-cv-01640-VMC-TBM Document 15-2 Filed 07/07/16 Page 12 of 16 PageID 143
Case 9:16-cv-80338-BB Document 32 Entered on FLSD Docket 06/29/2016 Page 11 of 15

Case No. 16-cv-80338-BLOOM/Valle

that Plaintiff urges such a reading, the Court believes Plaintiff's argument is foreclosed by the authority cited above.

As to Plaintiff's claim that the implementation of Regulation X on January 10, 2014 "chang[ed] the entire dynamic" and invalidates the authority relied on by the Court, ECF No. [13] at 11, *Smallwood* addressed the same argument, noting that many of the decisions it (and this Court) relied upon were in fact issued *after* Regulation X's implementation. *See Smallwood*, 2015 WL 7736876, at *8. Pertinently, in *Bullock v. Ocwen Loan Serv., LLC*, 2015 WL 5008773, at *10-11 (D. Md. Aug. 20, 2015), "the district court evaluated whether letters sent by a borrower to a servicer after the enactment of Regulation X constituted valid QWRs," and held that a "request about loan modification" does not relate to "servicing." *Smallwood*, 2015 WL 7736876, at *8 (citing *Bullock*, 2015 WL 5008773, at *10). The Court, therefore, rejects Plaintiff's position that the implementation of Regulation X invalidated the many decisions described herein. Relying on those decisions, the Court holds that a request for loan modification information does not suffice to bring a claim under § 2605(k)(1)(E) of RESPA, if premised on a failure to comply with § 1024.36(d)(2)(i)(B) of Regulation X.

Plaintiff's Complaint, therefore, only survives dismissal if items one, six, or seven relate to the servicing of a loan. Defendant argues that items one and seven merely request "copies of correspondence by Seterus sent to the Plaintiff, and proof of mailing of same," insufficient under § 2605 because requests for a correspondence file do not relate to servicing. ECF No. [7] at 5. Defendant further argues that item six, requesting "[a] current pay off statement," is "not even governed by RESPA." *Id.* at 6. Plaintiff does not actually contest these arguments in his Response, and case law supports Defendant's position. *See* ECF No. [13] at 8-12. First, as to item six, requests for "account statements, payment schedules, and other documents evidencing

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 13 of 16 PageID 144
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 12 of 15

Case No. 16-cv-80338-BLOOM/Valle

payments made on the accounts" do not relate to servicing. *See Sirote*, 857 F. Supp. 2d at 1223 (citing *Gates v. Wachovia Mortgage, FSB*, 2010 WL 2606511, at *3 (E.D. Cal. June 28, 2010). As explained in *Sirote* (and affirmed by the Eleventh Circuit),

> A simple inquiry into payments made, without more, cannot be interpreted as either 'a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error,' or, 'providing sufficient detail to the servicer regarding other information sought by the borrower,' as required by RESPA. 12 U.S.C. § 2605(e)(1)(B)(ii). In other words, *an unadorned request for a statement of payments made toward a loan is not an allegation of a servicing error.*

*Id.* at 1222 (emphasis in the original) (alteration omitted) (quoting *Gates*, 2010 WL 2606511, at *3). Similarly, items one and seven do not "transform an otherwise non-qualifying correspondence into a QWR" because they too do not relate to servicing. *Id.* (quoting *Gates*, 2010 WL 2606511, at *3). In *Sirote*, the plaintiff requested "essentially . . . every piece of information Compass Bank has ever had that relates to him or any of his accounts." *Id.* at 1221. Among other requests, the *Sirote* plaintiff – similar to Mr. Hudgins – requested "[c]opies of any and all correspondence, interoffice memorandums [sic], e-mails or the like pertaining to me or any of my accounts including investment accounts, checking accounts, savings accounts, money market accounts, loan accounts or the like from the date of their inception down through and including the present date." *Id.* at 1220. The court held that the plaintiff's request did not qualify because it

> alleged no facts to support any claim that defendants improperly received his periodic payments, or improperly used those periodic payments to make payments of principal and interest. Stated differently, plaintiff is not concerned that the balance of the account has been calculated incorrectly, or that payments have been improperly applied . . . .

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 14 of 16 PageID 145
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 13 of 15

Case No. 16-cv-80338-BLOOM/Valle

*Id.* at 1223. *Sirote* relied on the reasoning in *Gates, Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002 (N.D. Cal. 2009), and *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000), specifically quoting *Gates*'s rejection of a "purported QWR" that did not

> relay any servicing error, [because it] contain[ed] no statement of plaintiff's belief as to the existence of a servicing error, nor . . . contain anything to put Wachovia on notice of a servicing error. Rather, the letter is primarily aimed at uncovering documents relating to the ownership of the obligation . . .

*Id.* at 1222 (quoting *Gates*, 2010 WL 2606511, at *3). Like the request in *Sirote*, Plaintiff's RFI expansively requests "[a]ll correspondence" and "all Notice of Service transfers," but does not "relay any servicing error" to Defendant. The Eleventh Circuit has instructed that such requests do not require a response from a servicer, and thus, the Complaint is dismissed. *See Sirote*, 857 F. Supp. 2d at 1222; *see also Gates*, 2010 WL 2606511, at *3.

### B. Plaintiff may amend the Complaint

Defendant moves the Court to dismiss the Complaint with prejudice. *See* ECF No. [7] at 17. "A district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court finds that amendment is not futile because Plaintiff may be able to state a claim under another provision of Regulation X.

Defendant, however, urges the Court to adopt the reasoning of *Guillaume v. Fed. Nat. Mortgage Ass'n*, 928 F. Supp. 2d 1337, 1341 (S.D. Fla. 2013), and that court's invocation of the "anti-absurdity canon," to dismiss the Complaint with prejudice. According to Defendant, Plaintiff inappropriately sent the NOE to Defendant instead of Defendant's counsel in an effort to manufacture damages after voluntarily dismissing the First Lawsuit. Similar to *Guillaume*, the attorneys in this case sent the NOE years after the initiation of foreclosure proceedings (and in this case, over a year after their completion), directly to Defendant, apparently without notifying

Defendant's attorneys, and then initiated the instant suit before Defendant had an opportunity to respond. Nevertheless, this case is meaningfully distinct from *Guillaume*. Importantly, Plaintiff sent the original RFI in September of 2015 and received an allegedly inadequate response from Defendant. Only then did Plaintiff send the follow-up NOE – albeit, months later and after having filed the First Lawsuit – and Plaintiff alleges that it suffered a "meaningful deprivation of information" due to Defendant's inadequate response to the RFI. *See Guillaume*, 928 F. Supp. 2d at 1341. Moreover, the Court is not faced with the situation encountered in *Guillaume*, where the plaintiff's federal cause of action appeared intended to elicit favorable results in a related state-court action. *See id.* at 1342.

Courts have found the anti-absurdity doctrine inappropriate in cases such as this because "the clear meaning of the statute should control before one attempts to divine congressional intent." *Manrique v. Wells Fargo Bank N.A.*, 2015 WL 4065534, at *3 (S.D. Fla. July 2, 2015) (declining to apply *Guillaume* on motion to dismiss) (quoting *Gallowitz v. Fed. Home Loan Mortg. Corp.*, 944 F. Supp. 2d 1265, 1267 (S.D. Fla. 2013)). "If these cases are so clearly contrary to congressional intent, one would think that Congress would attempt to rectify erroneous judicial interpretations." *Gallowitz*, 944 F. Supp. 2d at 1267. Thus, under the facts of this particular case, the Court finds the anti-absurdity canon inapplicable. *See Lucien v. Fed. Nat'l Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1385 n.1 (S.D. Fla. 2014) ("Nevertheless, TILA and Regulation Z do provide for civil damages for Green Tree's failure to provide the payoff statement Lucien requested. And, unless and until Congress elects to amend the statute, defendants can avoid cases like this by simply providing the required information when requested."); *see also Galeano v. Fed. Home Loan Morg. Corp.*, 2012 WL 3613890, at *3 n. 1 (S.D. Fla. Aug. 21, 2012) (declining to consider similar argument because "the sole issue in a

Case 8:16-cv-01640-VMC-TBM   Document 15-2   Filed 07/07/16   Page 16 of 16 PageID 147
Case 9:16-cv-80338-BB   Document 32   Entered on FLSD Docket 06/29/2016   Page 15 of 15
Case No. 16-cv-80338-BLOOM/Valle

Rule 12(b)(6) motion is whether the Complaint states a claim upon which relief can be granted"); *Justice v. Ocwen Loan Servicing*, 2015 WL 235738, at *15 (S.D. Ohio Jan. 16, 2015) (considering similar argument "relevant to any damages that the Justices may have suffered, not whether there was a violation of TILA's mandates") (citing *Gallowitz*, *Guillaume*, and *Galeano*).

## IV. CONCLUSION

For the forgoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [7], is GRANTED.** Plaintiff has until **July 8, 2016** to file an amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 28th day of June, 2016.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record