UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XAVIER A. BRACCO,

    Plaintiff,

v.                        Case No. 8:16-cv-1640-T-33TBM

PNC MORTGAGE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant PNC Mortgage's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 15), filed on July 7, 2016. Plaintiff Xavier A. Bracco filed a response in opposition on July 22, 2016. (Doc. # 20). The Motion is ripe for review and, for the reasons stated below, the Court grants the Motion.

**I.   Background**

This action arises from an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. (RESPA) and its implementing regulation, Regulation X. Specifically, Bracco alleges that PNC Mortgage violated § 2605(k) of RESPA and § 1024.36 of Regulation X by failing to timely acknowledge receipt of Bracco's request for

1

information (RFI). Regulation X dictates that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request." 12 C.F.R. § 1024.36(c).

According to the Amended Complaint, Bracco, through his counsel, Korte and Wortman, P.A., mailed to PNC Mortgage a written RFI pursuant to Regulation X. (Doc. # 2-1). Bracco attaches a USPS Product & Tracking Information page and a certified mail receipt, which Bracco alleges "confirm[s] the date the written request was received." (Doc. # 2 at ¶ 15). The RFI was delivered to PNC Mortgage on October 26, 2015, making the response acknowledging receipt due November 2, 2015. (Id.). Bracco alleges that he did not receive a written acknowledgment within the statutory deadline. (Id. at 16). Subsequently, through Korte and Wortman, P.A., Bracco sent PNC Mortgage a follow up Notice of Error (NOE) letter. (Id. at ¶ 16).

Bracco's damages are based on PNC Mortgage's failure to comply with Regulation X. Specifically, Bracco alleges he incurred damages of "less than $100.00 for mailing the NOE" and "attorney's fees and costs" because PNC Mortgage did not

2

send the written acknowledgment of the RFI during the five business days. (Id. at ¶ 27).

PNC Mortgage's Motion provides a more detailed description of the parties' interaction. On January 31, 2013, a Foreclosure Action was filed against Bracco's property, which resulted in the issuance of a Final Judgment of Foreclosure in favor of PNC Mortgage on March 10, 2015. (Doc. # 15 at 3-4). A short sale followed, leading PNC Mortgage to record a Satisfaction of Mortgage on April 30, 2015. (Id. at 4). Six months later, on October 26, 2015, PNC received Bracco's purported RFI. (Id.). PNC Mortgage asserts that it acknowledged Bracco's RFI on November 3, 2015, and substantively responded to the RFI on December 9, 2015. (Id.). On April 11, 2016, four months after PNC Mortgage provided a substantive response to Bracco's RFI, Bracco's counsel mailed the NOE. (Id.).

On May 10, 2016, Bracco filed a Complaint in County Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, which was amended on June 3, 2016. (Doc. # 2). PNC Mortgage timely removed the action to this Court, which has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. # 1). Thereafter, PNC Mortgage filed its Motion to Dismiss Plaintiff's Amended Complaint with prejudice pursuant

3

to Federal Rule of Civil P. 12(b)(6) on July 7, 2016. (Doc. # 15). Bracco responded to the Motion on July 22, 2016. (Doc. # 20). On August 3, 2016, PNC Mortgage filed a Notice of Supplemental Authority regarding its Motion. (Doc. # 21). The Motion is ripe for adjudication.

**II. Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true

4

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)(internal citation omitted).

### III. Analysis

Enacted as a consumer protection statute, RESPA provides a mechanism for regulating the real estate settlement process, placing requirements on entities or persons responsible for servicing federally related mortgage loans. McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2010)(per curiam). RESPA is to be construed liberally to best serve Congress's intent. Id. To state a RESPA claim for failure to respond to a qualified written request (QWR), a plaintiff must allege: "(1) defendant is a loan servicer under the statute; (2) defendant received a QWR from plaintiff; (3)

5

the QWR relates to servicing of [a] mortgage loan; (4) defendant failed to respond adequately; and (5) plaintiff is entitled to actual or statutory damages." Porciello v. Bank of Am., N.A., No. 8:14-cv-1511-T-17AEP, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015); see also Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-ORL-22, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012).

Only the first element is undisputed. Because the Court finds that Bracco has failed to plead that the RFI is a qualified written request related to the servicing of a mortgage loan, discussion of the fourth and fifth elements is unnecessary.

**A. Qualified Written Request**

For the purposes of Regulation X § 1024.36, a "qualified written request (QWR) that requests information relating to the servicing of the mortgage loan is a request for information." 12 C.F.R. § 1024.36(a); see also Hudgins v. Seterus, Inc., No. 16-cv-80338-BLOOM/Valle, 2016 WL 3636859, at *3 (S.D. Fla. June 29, 2016)("An RFI can qualify as a QWR.").

RESPA provides definitions for the terms "qualified written request" and "servicing." A "qualified written request" is

6

>   a written correspondence, other than notice on a
>   payment coupon or other payment medium supplied by
>   the servicer, that—
>
>   (i) includes, or otherwise enables the servicer to
>   identify, the name and account of the borrower; and
>
>   (ii) includes a statement of the reasons for the
>   belief of the borrower, to the extent applicable,
>   that the account is in error or provides sufficient
>   detail to the servicer regarding other information
>   sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan" and "making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). For Bracco's RFI to sustain a Regulation X § 1024.36(c) claim, at least one of the RFI's requests must fit within these definitions.

Bracco's RFI to PNC Mortgage includes the following seven requests,

>   Specifically, I am requesting the following
>   information for the period beginning January 10,
>   2014, until your receipt of this request (the
>   'applicable period'):
>
>   1. All correspondence between your company,
>      subsidiaries, [and] servicers attached to this
>      loan that were sent to the borrower from January
>      10, 2014, through to the present; and proof of
>      mailing, including but not limited to fed ex

tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.

2. All five (5) day letters between your company, subsidiaries, [and] servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.

3. All thirty (30) day letters between your company, subsidiaries, [and] servicers following any loss mitigation applications/submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.

4. All letter [sic] explaining the right to appeal the denial of the modification (if applicable) between your company, subsidiaries, [and] servicers following any loss mitigation applications/ submissions to this loan that were sent to the borrower from January 10, 2014, through to the present; and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the letter was sent.

5. All system notes/logs that show the receipt of the loss mitigation submission and that reflect all responses sent to the borrower from January 10, 2014, through to the present.

6. A current pay off statement.

7. Copies of all Notice of Service transfers that were sent to the borrower and proof of mailing, including but not limited to fed ex tracking numbers, certified mail receipts, and/or a letter log showing the date the notice was sent.

(Doc. # 2-1).

PNC Mortgage contends that none of the above seven requests qualify Bracco's RFI as a QWR related to the "servicing" of a loan. In support, PNC Mortgage calls on Hudgins v. Seterus, Inc., in which the district court held that none of the seven requests in an identical RFI related to loan servicing. Hudgins v. Seterus, Inc., No. 16-cv-80338-BLOOM/Valle, 2016 WL 3636859 (S.D. Fla. June 29, 2016). The Court finds the reasoning of Hudgins persuasive and will discuss each request in turn.

The parties agree that the second through fifth requests in the RFI relate to loan modification. (Doc. # 20 at 2). The distinction between "servicing" a loan and "modifying" a loan is an important one because "[c]ourts routinely interpret section 2605 as requiring a QWR to relate to the *servicing* of a loan, rather than the *creation* or *modification* of a loan." Sirote v. BBVA Compass Bank, 857 F. Supp. 2d 1213, 1221-22 (N.D. Ala. 2010), aff'd, 462 F. App'x 888 (11th Cir. 2012)(emphasis in the original)(internal citations omitted). Thus, a request for information regarding loan modification is not related to the servicing of a loan. See Smallwood v. Bank of Am., N.A., No. 1:15-cv-336, 2015 WL 7736876, at *6

(S.D. Ohio Dec. 1, 2015)("The plain language of the statute supports Defendant's position that a request relating to loan modification does not relate to scheduled payments, principal and interest, or other payments received pursuant to the terms of the [loan]."); Bullock v. Ocwen Loan Serv., LLC, No. 14-3836, 2015 WL 5008773, at *10-11 (D. Md. Aug. 20, 2015)("a request for information about loan modification does not constitute a QWR"); Mbakpuo v. Civil Wells Fargo Bank, N.A., No. RWT-13-2213, 2015 WL 4485504, at *8 (D. Md. July 21, 2015)(finding that "requests for a loan modification did not relate to the servicing of a loan because they did not relate to Wells Fargo 'receiving any scheduled periodic payments from a borrower pursuant to the terms of a loan.'").

Bracco cites three cases purportedly supporting his proposition that loan modification does fall under the ambit of "servicing." See Wilson v. Bank of Am., N.A., 48 F. Supp. 3d 787, 805-07 (E.D. Pa. 2014)(denying motion to dismiss a Regulation X § 1024.36(c) claim where requests included "documents submitted by plaintiff in support of her request for loan modification"); Bennett v. Bank of Am., N.A., 126 F. Supp. 3d 871 (E.D. Ky. 2015)(finding "allegations . . . [the servicer] provided inaccurate or incomplete information, and . . . failed to perform an adequate investigation to obtain

the requested information" sufficient to state a claim under RESPA § 2605); Paz v. Seterus, Inc., No. 14-62513-CIV, 2015 WL 4389521 (S.D. Fla. July 16, 2015)(denying motion to dismiss plaintiff's claim for failure to timely respond to a loan modification application under Regulation X § 1024.41). However, none of these cases explicitly hold that loan modification inquiries relate to the servicing of a loan.

Both Bennett and Paz are distinguishable because they each included a claim under the loss mitigation provision of Regulation X at 12 C.F.R. § 1024.41, rather than a sole claim under 12 C.F.R. § 1024.36 as in the instant case. Section 1024.36 governs RFIs by setting requirements and deadlines for a servicer's response and defining an RFI as a "[QWR] that requests information relating to the servicing of the mortgage loan." 12 C.F.R. § 1024.36. Section 1024.41 sets different requirements and deadlines for a servicer's response to applications for loan modification without reference to QWRs or servicing. 12 C.F.R. § 1024.41. Furthermore, § 1024.41 does "not expand the definition of 'servicing' as used in § 2605" of RESPA and incorporated into § 1024.36 of Regulation X. Hudgins, 2016 WL 3636859, at *5 (citing Smallwood, 2015 WL 7736876, at *7 n.13). Although Bracco may be correct that "there is no one else but a

11

servicer to direct inquiries about how badly botched an attempted loan modification was," Regulation X's requirements governing a servicer's response to loss mitigation applications are found in § 1024.41, not in § 1024.36(c) under which Bracco has filed this action. (Doc. # 20 at 3).

The plaintiff in <u>Wilson</u> brought his failure to respond claim under Regulation X § 1024.36, the same section at issue in this case. <u>Wilson</u>, 48 F. Supp. 3d at 805. However, <u>Wilson</u> is distinguishable because the district court did not address whether the specific request for loan modification documents was related to "servicing" of a loan. Rather, the court held that plaintiff had sufficiently pled that "many of the requested documents were available and were within the categories of documents that a servicer should provide." <u>Id.</u> at 806-07 (denying motion to dismiss where loan modification information was one of numerous items requested, including "copies of the servicing logs related to contacts between Plaintiff and Defendant,...audio files of telephone calls with Plaintiff,...property inspection reports, and invoices from Defendant's foreclosure firm"). In contrast, PNC Mortgage correctly points out that the majority of Bracco's RFI refers to loan modification and urges the Court to address the distinction between loan modification and servicing.

Therefore, the Court finds that the loan modification requests in Bracco's RFI do not relate to the "servicing" of a loan.

The request for a current payoff statement cannot transform Bracco's RFI into a QWR related to "servicing" of a loan. The Truth in Lending Act (TILA), rather than RESPA, imposes the requirement on servicers of home loans to provide payoff statements to borrowers. 15 U.S.C § 1639(g). "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." Id. There is no similar inclusion of payoff statements in RESPA.

Even assuming that the payoff statement was governed by RESPA § 2605, the request for a current payoff statement of Bracco's loan still does not relate to the "servicing" of a loan. See Hudgins, 2016 WL 3636859, at *6 (finding that an identical request did not relate to servicing); Sirote, 857 F. Supp. 2d at 1222 ("A simple inquiry into payments made, without more, cannot be interpreted as either a 'statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error,' or, 'providing sufficient detail to the servicer regarding other information

sought by the borrower,' as required by RESPA")(quoting Gates v. Wachovia Mortg., FSB, No. 2:09-cv-02464-FCDEFB, 2010 WL 2606511, at *3 (E.D. Cal. June 28, 2010)).

Therefore, Bracco's claim may only survive if the RFI's first and seventh requests qualify as a QWR related to the servicing of a loan — meaning that they include a statement of the purported servicing error or provide sufficient detail regarding other information relating to payments made by Bracco. See 12 U.S.C. § 2605(e)(1)(B), (i)(3)(defining "qualified written request" and "servicing"). However, these requests also do not constitute a QWR related to the servicing of Bracco's loan. See Hudgins, 2016 WL 3636859, at *6 (finding that identical requests did not relate to servicing).

The first and seventh requests encompass the entire correspondence history between Bracco and PNC Mortgage and proof of mailing for that correspondence. In Sirote, the district court held that a similar request for "[c]opies of any and all correspondence, interoffice memorandums, emails or the like pertaining to me or any of my accounts . . ." did not qualify as a QWR related to loan servicing because it did not report any servicing error. 857 F. Supp. 2d at 1220. Thus, requests one and seven do not provide "a statement of the reasons for the belief of the borrower, to the extent

14

applicable, that the account is in error." 12 U.S.C. § 2605(e)(1)(B)(ii).

Nor do the first and seventh requests provide sufficient detail to PNC Mortgage regarding information sought by Bracco under 12 U.S.C. § 2605(e)(1)(B)(ii). In another RESPA case, a broad request for information posing "discovery-style document demands" was not a QWR because it lacked clarity regarding the information related to servicing sought by the plaintiff. Hopson v. Chase Home Fin. LLC, 14 F. Supp. 3d 774, 786-87 (S.D. Miss. 2014), aff'd sub nom, Hopson v. Chase Home Fin., L.L.C., 605 F. App'x 267 (5th Cir. 2015). The district court wrote that

> Given the breadth of plaintiffs' putative QWR, it is possible that one or more of their 192 requests for information may have touched on Chase's servicing practices; but in the court's opinion, it cannot fairly be said that the letter sought information relating to the servicing of plaintiffs' loan. Certainly, plaintiffs did not make a sufficiently clear request for information relating to the servicing of their loan to require a response by Chase.

Id. Thus, the Court finds that the first and seventh requests, encompassing all correspondence and Notice of Service transfers, cannot qualify Bracco's RFI as a QWR related to "servicing" of a loan as required by RESPA.

Even viewing the Complaint in the light most favorable to Bracco, the Court finds that Bracco's RFI is not a QWR related to the servicing of a loan and the Complaint is dismissed.

**B.   Plaintiff may amend the Complaint**

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)(quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, a district court is not required to allow an amendment where amendment would be futile. Id. The Court finds that amendment is not futile because Bracco may be able to state a claim under another response provision of Regulation X.

Nevertheless, PNC Mortgage urges the Court to dismiss Bracco's claim under the "anti-absurdity canon," which maintains that federal courts have the power to preserve the integrity of a statute by preventing an absurd result in its application. See Merritt v. Dillard Paper Co., 120 F.3d 1181, 1188 (11th Cir. 1997)("[t]hough venerable, the principle is rarely applied, because the result produced by the plain meaning canon must be truly absurd before this principle

16

trumps it. Otherwise, clearly expressed legislative decisions would be subject to the policy predilections of judges."); see also Guillaume v. Fed. Nat. Mortg. Ass'n, 928 F. Supp. 2d 1337, 1341 (S.D. Fla. 2013)(applying the "anti-absurdity canon" to dismiss with prejudice a response violation claim under TILA because plaintiff did not "suffer from any meaningful deprivation of information" as a result and the case was motivated by attorney's fees). PNC Mortgage argues that Bracco's counsel sent the NOE four months after PNC Mortgage had substantively responded to Bracco's RFI for the sole purpose of "manufactur[ing] a claim under RESPA." (Doc. # 15 at 15). According to PNC Mortgage, allowing such claims contravenes the intent of Congress and produces absurd results.

As RESPA is a consumer protection statute that places response requirements on loan servicers, the Court finds dismissal with prejudice pursuant to the "anti-absurdity canon" inappropriate in this case. See Manrique v. Wells Fargo Bank N.A., 116 F. Supp. 3d 1320, 1323 (S.D. Fla. 2015)(declining to apply the anti-absurdity doctrine because "the clear meaning of the statute should control before one attempts to divine congressional intent")(citation omitted); see also Gallowitz v. Fed. Home Loan Mortg. Corp., 944 F.

Supp. 2d 1265, 1267 (S.D. Fla. 2013)("If these cases are so clearly contrary to congressional intent, one would think that Congress would attempt to rectify erroneous judicial interpretations.");.

Accordingly, Bracco may amend his complaint on or before September 23, 2016.

## IV. Conclusion

The Court finds that Bracco has not sufficiently stated a claim under RESPA § 2605(k) and Regulation X § 1024.36 and thus grants PNC Mortgage's Motion to Dismiss. The Court dismisses the case without prejudice so that Bracco may have an opportunity to amend his Amended Complaint to state a claim, if possible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant PNC Mortgage's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 15) is **GRANTED.**

(2) Plaintiff may file an amended complaint on or before September 23, 2016, failing which, the Court will close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of August, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE